IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMY PARR, RONALD CASTLE, and JULIE VINES, individually and on behalf of others similarly situated, and on behalf of the general public,

    Plaintiffs,

  v.

STEVENS TRANSPORT, INC., STEVENS TRANSPORT TL, INC., STEVENS TRANSPORT CD, INC., and DOES 1–10, inclusive,

    Defendants.

No. C 19-02610-WHA

**ORDER TRANSFERRING ACTION TO NORTHERN DISTRICT OF TEXAS**

**INTRODUCTION**

In this putative class action, defendants move to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. To the extent stated below, the motion to dismiss is **DENIED** and the motion to transfer is **GRANTED**.

**STATEMENT**

This is a putative wage-and-hour class action brought by three named plaintiffs, Jeremy Parr, Ronald Castle, and Julie Vines, on behalf of nationwide truck drivers who performed work in California, against defendants Stevens Transport, Inc., Stevens Transport CD, Inc., and Stevens Transport TL, Inc. (Amd. Compl. ¶ 1) (Dkt. No. 32). Defendants share staff and office

space and are referred to collectively as Stevens Transport (Adams Decl. ¶¶ 5, 10, 25) (Dkt. No. 37-1).

Stevens Transport provides trucking services throughout the United States. Stevens Transport, Inc. and Stevens Transport CD are motor carriers who hire and employ truck drivers to haul and deliver freight, while Stevens Transport TL brokers contracts between motor carriers and shippers. All defendants are incorporated in Texas and have their corporate headquarters in Dallas (Adams Decl. ¶¶ 5–6, 10, 25).

Plaintiff Parr resides in Missouri. Plaintiff Castle resides in Arizona. Plaintiff Vines resides in Texas. No plaintiff resides in California. Stevens Transport employed plaintiffs and all putative class members as truck drivers to haul and deliver freight in the 48 contiguous states (Amd. Compl. ¶¶ 11, 14, 17). On May 14, 2019, plaintiffs filed this putative class action in our Northern District, alleging violations of various California wage and labor laws (Dkt. No. 1). Two months later, defendants filed a motion to dismiss or, in the alternative, to transfer to the United States District Court for the Northern District of Texas (Dkt. No. 37). Plaintiffs responded by filing a first amended complaint. It outlines two alleged classes: (1) all current and former truck drivers employed by defendants who drove within California for defendants at any time during the applicable statutory period for the alleged claims; and (2) all current and former truck drivers who performed services for defendants under an independent contractor arrangement who drove within California for defendant at any time during the applicable statutory period for the claims alleged in the complaint (Amd. Compl. ¶ 48).

Both sides thereafter stipulated to have defendants renew their motion in August, to give defendants two weeks to file a motion to compel arbitration should this Court deny defendants' motion, and to stay class and merits discovery pending resolution of defendants' jurisdiction, venue, and arbitration motions (Dkt. Nos. 35–36). At a hearing held on September 12, 2019, it was unclear whether defendant Stevens Transport TL had sufficient contacts with California to sustain personal jurisdiction. Following the hearing, an order allowed plaintiffs to complete a Rule 30(b)(6) deposition of Stevens Transport TL in connection with the personal jurisdiction motion (Dkt. No. 43). Following the deposition, the parties stipulated to dismiss Stevens

Transport TL from the action (Dkt. No. 45). An order required defendants to file their motion to compel arbitration by September 26 (Dkt. No. 43). This order follows.

**ANALYSIS**

**1. PERSONAL JURISDICTION.**

This district court has specific, personal jurisdiction over Stevens Transport, Inc., and Stevens Transport CD. *First*, defendants established minimum contacts with California when they adopted uniform employment and wage policies, then sent their drivers into California to collect and deliver freight, thus purposefully directing their activities at California. *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). *Second*, this wage-and-hour claim unquestionably arises from those contacts as the plaintiffs are challenging the application of defendants' wage-and-hour policies to their work performed in California. *Third*, defendants have failed to show the exercise of jurisdiction would be so unreasonable as to offend due process.

Stevens Transport relies heavily on *Gonzalez v. Crete Carrier Corp.*, another wage-and-hour class action brought by truck drivers, to argue otherwise. 2019 WL 21782840 at *3 (W.D. Wash. May 20, 2019) (Judge John Coughenour). The instant order declines to follow *Gonzalez*. Those drivers carried cargo for Crete in Washington and that should have been enough to confer personal jurisdiction. Thus, this order finds there is specific, personal jurisdiction over Stevens Transport, Inc. and Stevens Transport CD. Defendants' motion to dismiss for lack of personal jurisdiction is therefore **DENIED**.

**2. SECTION 1404(A).**

Stevens Transport moves to transfer this action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Because a large number of witnesses live and work in Dallas and a greater proportion of the putative class members live in Texas than in California, this order finds transfer is proper.

Section 1404(a) states in pertinent part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The parties agree that venue would be proper

in either district. Thus, defendants' motion only presents the question of whether convenience and fairness favor transfer.

Convenience and fairness factors must be considered on an individualized, case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). District courts consider both private factors concerning the convenience of the parties and witnesses and public factors concerning the interest of justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). On the whole, the balance of factors in this case favors transfer to the Northern District of Texas.

### A. Convenience and Fairness.

The private convenience and fairness factors include the convenience of parties and witnesses, the ability of the court to compel witnesses, the ease of access to evidence, and the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. Here, the convenience of parties and witnesses favors transfer and outweighs the minimal deference afforded to plaintiffs' choice in forum.

The first factor, the convenience of parties and witnesses, favors transfer to Texas because defendants, their witnesses, one named plaintiff, and a significant number of putative class members all reside in Texas. Plaintiffs' contention that these details individually bear little weight is unpersuasive.

Our defendants indisputably reside in Texas (Adams Decl. ¶¶ 10, 25). Additionally, defendants have identified eight specific corporate executives who develop and oversee the policies underlying plaintiffs' claims for relief, all of whom also reside in Texas (Adams Decl. ¶¶ 2, 12–15, 25–26). Plaintiffs reply that defendants fail to classify those executives as witnesses or describe the content and relevance of their potential testimony with requisite specificity. Moreover, plaintiffs reply that the witnesses are employees of defendants and so their convenience should be afforded less weight regardless of the content of their testimony (Opp. at 16–17) (Dkt. No. 39). This order disagrees.

In its supporting declarations, Stevens Transport identifies the names, relevancy, and location of eight persons with personal knowledge of Stevens Transport's policies affecting truck

4

drivers (Adams Decl. ¶¶ 2, 12–15, 25–26). True, Stevens Transport can direct its employees to testify elsewhere and that reduces the weight given to their convenience, but that inconvenience of doing so still matters.

Plaintiffs' say they "intend to call numerous witnesses who likely reside in California" but fail to name any particular California witness (Opp. at 15). Plaintiff Parr names one employee of Stevens Transport that Parr trained with and whom Parr "believe[s] . . . currently lives in Southern California" (Parr Decl. ¶ 11). Plaintiffs' only other reference to anyone with any connection to California is of receiving agents at drop yards and cashiers at fueling establishments. This lack of specificity does little to show that witness convenience favors California. None of the named plaintiffs can even "recall any of the names of these individuals" despite having collectively made over 400 pick-ups and drop-offs in various California cities (Parr Decl. ¶ 6; Parr Exh. A; Castle Decl. ¶ 9; Castle Exh. A; Vines Decl. ¶ 10; Vines Exh. A) (Dkt. No. 39).

Texas appears to be more convenient for plaintiffs. One of the three named plaintiffs lives in Texas and none of them live in California (Amd. Compl. ¶¶ 11, 14, 17). Texas is also home to approximately one-third of the putative class, while California is home to less than one percent. Although firm numbers do not exist at this early stage, Stevens Transport offers a snapshot of the putative class: In 2018, of the 4,424 truck drivers Stevens Transport employed or contracted with, only seventeen were California residents (.38%) while 1,526 were Texas residents (34.49%) (Adams Decl. ¶ 22) (Gilbert Decl. ¶ 10) (Dkt. Nos. 37-1; 37-9).

Plaintiffs argue that the location of class members should be afforded little weight because, prior to certification, the final makeup of the class is subject to considerable speculation. Plaintiffs' argument is bolstered by the fact that Stevens Transport only provides employment statistics for a fraction of the applicable time period and those statistics likewise fail to describe where 65% of the truck drivers reside. No doubt, there is some measure of truth in this observation but the numbers are so lopsided that, even allowing for some error, the trucking companies' point deserves weight. These numbers show a significant portion of potential class members reside in Texas, not California. Taken together with the location of

5

named plaintiffs and defense witnesses, the convenience of the parties and witnesses weighs in favor of transfer to the Northern District of Texas.

As to ease of access to evidence, this factor weighs neither for nor against transfer. Stevens Transport stores the financial and administrative records that are relevant to this action electronically (Adams Decl. ¶ 2). So, there is little burden to transport any evidence to this district.

The plaintiffs' choice of forum also holds little weight here. A defendant usually carries a heavy burden to overcome the plaintiff's chosen forum, but where, as here, "an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In such circumstances, the amount of weight to be accorded to plaintiffs' choice of forum depends on the extent of the parties' contacts with the chosen venue, including those relating to plaintiffs' claim for relief. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Plaintiffs contend that Stevens Transport has extensive contacts with the forum state as it regularly conducts business in California and it required plaintiffs and other drivers to perform work within California. Moreover, plaintiffs' claims arise directly from these local contacts and are based on the state law of the chosen district (Opp. at 14–15). These contacts are not insubstantial. Instead, plaintiffs' own contacts with the forum are dubious. None of the named plaintiffs reside in California, let alone in this district, and consequently none will be "deprived of the presumed advantages of [their] home jurisdiction." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Additionally, a substantial majority of the putative class members reside outside of California while approximately one-third of them live in Texas. Taken with the representative nature of this action, plaintiffs' initial choice of forum is entitled to only minimal deference.

### B. Interest of Justice.

A district court deciding a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding localized controversies,

6

and familiarity with governing law. *Decker Coal Co.*, 805 F.2d at 843. Here, the public-interest factors weigh only slightly against transfer.

To start, Stevens Transport seeks judicial notice of three exhibits under Rule 201(b)(2) (Dkt. No. 38). Rule 201(b)(2) provides that the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Our court of appeals recently held information made publicly available by government entities, that neither party disputes the authenticity or accuracy of, as appropriate for judicial notice under Rule 201(b)(2). *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2019). Here, the first exhibit requested has been made publicly available by government entities through a website link. Neither party disputes the authenticity of the website or the accuracy of the information displayed by the document. Thus, the document, date, and information contained therein as available to the recipient is appropriate for judicial notice. To this limited extent, the request for judicial notice of the first exhibit is **GRANTED**. As this order does not rely on the other two exhibits, the request to judicially notice those exhibits is **DENIED AS MOOT**.

The noticed exhibit shows that court congestion in the respective districts is similar. During the twelve-month period ending in March 2019, the median time from filing to disposition of civil actions was 7.9 months in this district and 7.0 months in the Northern District of Texas. During the same period, this district had 725 total pending cases per active judge while the Northern District of Texas had 1,327 total pending cases per active judge, indicating slightly less congestion in this district. Federal Court Management Statistics (March 31, 2018), www.uscourts.gov/report-name/federal-court-management-statistics. This factor therefore neither weighs for nor against transfer.

Plaintiffs' best point is that this case presents an issue of legitimate importance to California, namely the extent to which out-of-state drivers can benefit from California's labor laws when they drive through our state. California has an interest in making sure its laws are observed for work done in California, even if it is only a brief span in a long over-the-road haul. And here, plaintiffs seek to represent two classes of drivers solely for their work done in

7

California. If this interest were enough to overcome the other factors, then every nationwide trucking company would find themselves in all fifty states defending against similar lawsuits. While this district is more familiar with California law, the excellent judges in Dallas can apply California law, and can appreciate and vindicate California's interest in the matter. What's more, if the case must resolve an issue of California law, the decision may be appealed to the Fifth Circuit which may then certify the question to the California Supreme Court, just as our court of appeals can. Cal. Rules of Court, Rule 8.548.

Viewing the totality of the factors, this order finds that this case belongs in the Northern District of Texas. Although plaintiffs' choice in forum still carries some weight, and California does have an interest in this matter, defendants have met their burden. Accordingly, defendants' motion to transfer the action pursuant to 28 U.S.C. § 1404(a) is **GRANTED**.

## CONCLUSION

The Clerk shall transfer this civil action to the United States District Court for the Northern District of Texas and close the file. The parties' stipulation to change the hearing date and continue the case management conference is **DENIED AS MOOT**. With respect to the motion to compel arbitration, only partially briefed at this point, both sides shall please consult with the new district judge in Dallas concerning its future.

**IT IS SO ORDERED.**

Dated: October 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8